IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AYODELE CHRISTOPHER OGUNNOIKI, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-1671 |
| HOME DEPOT U.S.A., INC., | § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 14] filed by Defendant Home Depot U.S.A., Inc. ("Home Depot"). Plaintiff Ayodele Christopher Ogunnoiki neither filed a response in opposition to the Motion nor requested additional time to do so.[1] Having reviewed the full record and the governing legal authorities, the Court **grants** Defendant's Motion for Summary Judgment.

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. See Local Rules 7.3, 7.4. However, when Plaintiff fails to respond to Defendant's Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995).

## I.  BACKGROUND

Plaintiff is an African-American who was employed by Defendant from late 2002 until his employment was terminated in January 2007.  Plaintiff worked first as an Appliance Specialist and, in October 2005, he was promoted to Department Supervisor.

Throughout most of his employment as an Appliance Specialist and during his entire tenure as a Department Supervisor, Plaintiff had performance problems.  Many of the documented deficiencies involved communication problems.  In December 2006, Plaintiff was placed on a sixty-day Performance Improvement Plan ("PIP") describing his primary deficiency as ineffective and disrespectful communication.

In addition to his poor communication and other performance difficulties, Plaintiff received a number of disciplinary actions while employed at Home Depot. These included conducting personal business on work time, receiving numerous customer complaints, and failing to follow his supervisor's instructions.

In January 2007, Michelle Pedalino, a store customer, wrote to Home Depot complaining of "extreme disrespect and rude treatment" by Plaintiff.  Pedalino reported that she asked Plaintiff for assistance regarding the purchase of a sink and that Plaintiff responded that he would not help her and would not sell her a sink.  She claimed that Plaintiff made a hand-washing motion, said "finished," and walked away

from her.  As a result of the incident, which Plaintiff admits occurred, Home Depot issued a final disciplinary notice to Plaintiff and terminated his employment.

Plaintiff alleges that his termination was the result of racial animus by John Amann, the Home Depot Store Manager and Plaintiff's supervisor since April 2006. Plaintiff bases this allegation on comments that Amann allegedly made to him that were "discriminating, offensive, and unprofessional."  *See* First Amended Complaint [Doc. # 4], ¶ 11.  The only comments identified by Plaintiff are:

> Your Mother does not work here, clean up after yourself.
>
> Clean your Department and assume the Holy Pope is coming to # 6567 with his little white shoes
>
> Holy Cow
>
> Big Daddy
>
> Sluggish Afro-American

*See id.*  Plaintiff alleges that he complained to Amann about the comments and that Amann retaliated against him for the complaint.  *See id.*, ¶ 12.

Plaintiff filed this lawsuit in May 2007, and filed his First Amended Complaint in July 2007.  Plaintiff alleged race discrimination and retaliation under Title VII. After more than one year for the parties to complete discovery, Defendant filed its Motion for Summary Judgment.  The Motion is now ripe for decision.

**II.    APPLICABLE LEGAL STANDARDS**

### A.     <u>Summary Judgment Standard</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving

party may meet its burden by pointing out "'the absence of evidence supporting the non-moving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak*, 953 F.2d at 913).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the non-moving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002)

(noting that unsworn pleadings do not constitute proper summary judgment evidence). The non-moving party must present specific facts which show "the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the non-movant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted); *see also De la O v. Hous. Auth. of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005).

### B.    Standard for Race Discrimination Claim

To establish a *prima facie* case of race discrimination, the plaintiff must show "that he was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Dilworth v. Continental Const. Co., Inc.*, 2008 WL 2468397, *2

(5th Cir. June 19, 2008) (citing *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005); *Rios v. Rossotti*, 252 F.3d 375, 378 (5th Cir. 2001)). If the plaintiff succeeds in making a *prima facie* showing, the burden "shifts to the defendant to proffer a legitimate, non-discriminatory reason for the action. *Id.* (citing *Abarca*, 404 F.3d at 941; *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003)). If the defendant satisfies its burden to articulate a legitimate, non-discriminatory reason, the "burden shifts back to the plaintiff to show that the proffered reason or reasons are pretextual." *Id.* The ultimate burden of proving discrimination remains with the plaintiff at all times. *See id.*

### C. Standard for Retaliation Claim

To establish a *prima facie* case for retaliation, a plaintiff must present evidence that (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the protected activity and adverse employment action. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007). As is also the case with a race discrimination claim, if the plaintiff successfully establishes a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its decision, and then back to the plaintiff to present evidence that raises a genuine issue of material fact that the proffered reasons are pretextual. *See Baker v. American Airlines, Inc.*, 430 F.3d 750,

754-55 (5th Cir. 2005). The plaintiff is required to show that he would not have suffered the adverse employment action "but for" the protected activity. *See Strong v. University Health Care Sys.,* 482 F. 3d 802, 806 (5th Cir. 2007).

## III.   ANALYSIS

For purposes of its analysis of the Motion for Summary Judgment only, the Court assumes that Plaintiff could establish a *prima facie* case of race discrimination and retaliation.[2] Defendant has clearly identified and presented evidence to support its legitimate, non-discriminatory reason for the decision to terminate Plaintiff's employment. Plaintiff had serious communications problems about which he had been unsuccessfully counseled, and he had received several consumer complaints including the January 2007 complaint by Ms. Pedalino.

---

[2]   Plaintiff alleges, without supporting evidence, that Amann made offensive comments. Of the comments identified by Plaintiff, only one ("sluggish Afro-American") has any racial context. Plaintiff does not argue that these comments constitute direct evidence of discrimination. Moreover, Plaintiff does not identify when the comment was made. He alleges that he complained about all the comments in April 2006, so the comments were made – if at all – at least several months before Plaintiff was discharged. Stray, isolated comments that are remote in time from the challenged employment decision, do not establish discrimination. *See Jones v. Overnite Transp. Co.*, 212 F. App'x. 268, 274 (5th Cir. Dec. 13, 2006); *Black v. Lockheed Martin, Ltd.*, 2006 WL 547829, *3 (N.D. Tex. Mar. 7, 2006) (holding that "stray remarks in the workplace are not direct evidence of discrimination"). *See also Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1295 (5th Cir. 1994) (stating that mere utterance of a racial slur is not indicative of a "pattern or practice of race discrimination").

Plaintiff does not dispute that the incident involving Ms. Pedalino occurred. Plaintiff does not present any argument or evidence that Defendant's explanation for its decision to terminate Plaintiff's employment was a pretext for race discrimination or retaliation. The single, isolated comment attributed – without supporting evidence – to Amann does not support a finding of pretext. Plaintiff has not identified any Home Depot employees of races other than African-American who were similarly-situated and were treated more favorably than Plaintiff. Absent evidence of pretext, there is no genuine issue of material fact for trial and Defendant is entitled to summary judgment.

## IV.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that Home Depot's Motion for Summary Judgment [Doc. # 14] is **GRANTED**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this 29th day of **July, 2008**.

_____
Nancy F. Atlas
United States District Judge