# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AYODELE CHRISTOPHER OGUNNOIKI, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-07-1671 |
| HOME DEPOT U.S.A., INC., | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on the Motion to Alter Judgment [Doc. # 21] and the Amended Motion to Alter Judgment [Doc. # 22] (collectively, "Motion") filed by Plaintiff Ayodele Christopher Ogunnoiki. Defendant Home Depot U.S.A., Inc. ("Home Depot") filed a Response [Doc. # 23] in opposition. Plaintiff neither filed a reply by the applicable deadline nor requested additional time to do so.[1] Having reviewed the full record and the governing legal authorities, the Court **denies** Plaintiff's Motion to Alter Judgment.

## I.   BACKGROUND

The factual background of this case is set forth fully in the Court's Memorandum and Order [Doc. # 17] entered July 29, 2008. Briefly, Plaintiff is an

---

[1] Paragraph 6(A)(4) of the Court's Procedures provides for a reply brief to be filed within five (5) calendar days after the response is filed.

African-American who was employed by Defendant from late 2002 until his employment was terminated in January 2007.  He filed this lawsuit on May 18, 2007, alleging that his termination was the result of racial animus and that he was retaliated against in violation of Title VII.

In the parties' Joint Discovery/Case Management Plan [Doc. # 7], due three calendar days before the August 17, 2007, initial pretrial and scheduling conference, Defendant's attorney noted that she tried repeatedly to contact Plaintiff's attorney both by phone and by mail, but received no response.  At the August 17, 2007 conference [Doc. # 8], Tunde Coker appeared for Plaintiff.  Coker said on the record that he was standing in for Plaintiff's attorney, Omotayo Lawal, who was "out of the country" on an emergency.  The Court issued a Docket Control Order [Doc. # 9], that allowed nine (9) months for discovery and established May 30, 2008 as the discovery deadline.

Plaintiff conducted no discovery prior to the May 30, 2008 discovery deadline.  On June 25, 2008, almost a month *after* the close of discovery and only two days before the dispositive motion deadline, Plaintiff served deposition notices. Defendant filed a the Motion to Quash those untimely notices.

The Court conducted a hearing on the Motion to Quash on July 3, 2008.  At the hearing, Lawal stated initially that he asked Coker to appear for him at the initial pretrial conference because he was in a hearing in another court.  When advised that

Coker told the Court that Lawal was out of the country, Lawal stated that he had been out of the country getting married (or planning the wedding – his answers varied). When advised that Coker told the Court that Lawal was out of the country on an emergency, Lawal stated that his mother had been ill. The Court granted the Motion to Quash and admonished Lawal about the importance of complying with all the applicable deadlines in the case.

Meanwhile, Defendant filed a Motion for Summary Judgment on the June 27, 2008, motions deadline. Plaintiff failed to respond by the July 17, 2008 deadline. The Court granted summary judgment in favor of Defendant on July 29, 2008.

Plaintiff filed his Motion to Alter Judgment on August 6, 2008, and filed his Amended Motion to Alter Judgment on August 7, 2008. In the Motion, Plaintiff stated that the "Non-Movant has 30 days to respond to a Motion for Summary Judgment filed with the Court." *See* Motion [Doc. # 21], p. 2. Plaintiff also stated that he completed his brief in opposition to the Motion for Summary Judgment on July 25, 2008, and sent it to "his mail room." *See id.* Plaintiff stated that the brief was returned on Monday, July 28, 2008, for additional postage. *See id.* Plaintiff paid the missing postage on July 29, 2008, the same day the Court granted Defendant's Motion for Summary Judgment. *See id.*

## II.     ANALYSIS

### A.     Applicable Legal Standard

A Rule 59 motion to alter or amend judgment "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory." *Id.*  "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* at 479.  Relief under Rule 59 after entry of judgment "is an extraordinary remedy that should be used sparingly." *See id.*

Plaintiff has failed to show either that the summary judgment ruling was a manifest error of law or fact or that he has newly discovered evidence.  Plaintiff's response to the Motion for Summary Judgment was unquestionably untimely. Contrary to Plaintiff's statement that he had thirty days to respond to a Motion for Summary Judgment, the Local Rules of the Southern District of Texas clearly and unequivocally require a non-movant to respond to a motion within twenty (20) days

from the date the motion is filed. *See* Local Rules 7.3 and 7.4. Indeed, notice of the July 17, 2008 deadline for the response is included in the docket entry for the Motion for Summary Judgment. *See* Docket Entry # 14. Consequently, even if Plaintiff had in fact filed the response on July 25, 2008 – the date he claims to have sent it to the "mail room" with insufficient postage – it was already eight (8) days late.[2] When it was actually filed on July 30, 2008, it was almost two weeks overdue and the Motion for Summary Judgment had already been decided.

Local Rule 7.4 provides that failure to respond to a motion is taken as a representation of no opposition. Nonetheless, the Court did not grant summary judgment based on Plaintiff's failure to file a timely response. Instead, as required by the Fifth Circuit, *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995), the Court considered the Motion for Summary Judgment on the merits.

Plaintiff in his belated Response addresses the evidence he claims establishes a *prima facie* case of race discrimination and retaliation. The Court, however, in its summary judgment analysis assumed that Plaintiff could establish a *prima facie* case of race discrimination and retaliation. *See* Memorandum and Order [Doc. # 17], p. 8. The Court granted summary judgment based on the absence of evidence to raise a

---

[2]  The alleged problem with insufficient postage does not excuse a late filing. Attorneys in this federal district are "required to file electronically" in a civil case. *See* Administrative Procedures for Electronic Filing in Civil and Criminal Cases, dated January 1, 2007.

genuine issue of material fact on the issue of pretext. Defendant had presented evidence that Plaintiff had very poor communication skills, and that he received disciplinary actions for conduct including conducting personal business on work time, receiving numerous customer complaints, and failing to follow his supervisor's instructions. Defendant had also presented evidence that in January 2007, a store customer complained to Defendant in writing that Plaintiff had treated her rudely and with "extreme disrespect," actually refusing to assist her with her purchase of a sink. In the untimely Response, Plaintiff does not challenge the customer's allegation of mistreatment in January 2007 and presents to evidence to contradict Defendant's documented evidence of Plaintiff's poor communication skills and prior disciplinary problems.

Defendant presented evidence in its Motion for Summary Judgment that its decision to terminate Plaintiff's employment was based on these legitimate, non-discriminatory, non-retaliatory reasons. Plaintiff had not at the time of the summary judgment ruling and still has not presented evidence to raise a genuine issue of material fact regarding whether Defendant's explanation is a pretext for race discrimination and retaliation. The Motion for Summary Judgment was properly granted.

## III.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Alter Judgment [Doc. # 21] and Amended Motion to Alter Judgment [Doc. # 22] are **DENIED**.

SIGNED at Houston, Texas, this 29th day of **August, 2008**.

_____
Nancy F. Atlas
United States District Judge